We'll call 4-22-0220 People v. Victory Fenske Council for the Appellant please state your name for the record. Thank you. Council for the Appellate could you please state your name for the record. Gregory Peterson. Thank you. Mr. McNeil you may proceed. After three years I have found my way here. May it please the court, Council. A little background here. This was a four year old case. At some point in those four years the 911 call from the original complaining witness, the recording was destroyed. We don't know when or why. But we do know that it was destroyed. Everybody was clear on that fact. Five days before trial the defendant and defense counsel filed a motion to dismiss based on a due process discovery violation. It was a one page motion. And the motion hearing on that was just as brief with the trial court giving only a two paragraph finding there. The only authority cited by the trial court was People v. Newberry. The trial court dismissed the charges based on People v. Newberry and that was an error as a matter of law. Even if we assume Newberry is still good law, which in a couple minutes I'll argue it's not, the trial court was well aware of Newberry and therefore they were well aware of Trombetta and Arizona v. Youngblood. Both of those are U.S. Supreme Court cases that the Newberry court distinguished. Well, Newberry was cited to by defendant in the motion to dismiss and then the trial court relied on Newberry. But the portion of Newberry that the defendant cited to in the motion to dismiss didn't have anything to do with the due process argument. I would submit that it does. The reason that the sanction was so severe in Newberry, if there's language that says a due process violation can warrant a severe sanction. Well, there was a secondary argument at the very conclusion of Newberry, which is the portion of the case defendant cited to in her motion to dismiss, pages 317 to 318 of Newberry. There was a secondary basis, wasn't there, Mr. McNeil? The only proposition Newberry was cited for and it was quoted in the motion was that the appropriate sanction could be a motion, could be dismissing the indictment. That's the only way that Newberry was cited. They do cite Rule 415G as the mechanism for this sanction, but nowhere is there any, there's no argument besides a due process violation in the motion. It's a bare bones motion. And I know you state that 415 serves only as a mechanism. The rule that would have been violated is not 415, it's Rule 412, are the discovery requirements to the accused from the state. Where in 415 does it say anything about it being an available remedy for a due process violation? The title of Rule 415 is regulation of discovery. Yes. The only, 415G talks about sanctions and that's the, if at any time during the course of proceedings it's brought to the attention of the court that a body has failed to comply with an applicable discovery rule. In other words, there needs to be, I don't think we can extrapolate from defendant's one page motion that they were also making a Rule 412 argument when Rule 412 isn't cited at all. Well, it was a motion to dismiss based on a violation of discovery. Defendant had filed a motion for discovery, quote, pursuant to Supreme Court Rule 412. Correct? No, 412 is not. I'm reading it right here. Motion for discovery before trial. This is, the defendant filed this motion on November the 4th, 2020, and brought the discovery motion pursuant to Supreme Court Rule 412. It doesn't say Rule 15. No. I'm sorry? It doesn't say Rule 415. I'm sorry, I don't have it in front of me. It says 412? Yes, 412. This is the motion for discovery. The original discovery motion. Not the motion to dismiss. Oh. Okay. The discovery motion was brought pursuant to 412, then a claim violation of discovery, and then a motion to dismiss that claimed sanction was warranted per 415G. But the only violation in that motion is a due process violation, and that's indeed the only finding that the trial court makes, is a due process violation. Okay. Let's switch gears then. Tell me exactly what did the court say that stated it found a due process violation? The court said it was a violation of defendant's due process. Newberry gives me the authority to sanction, and that sanction is I'm going to dismiss the case, or something to that effect. Well, I mean, I have the court's comments here, and the only thing I see, and this is the quote, and the words due process are found, it says the Newberry case does put this in my discretion, and it states that the court may exercise such authority when a failure to do so would affect the deprivation of due process or result in a miscarriage of justice. So it's referring to something within Newberry, and I'm asking for help here. Where does the court specifically find a due process violation occurred here? I mean, I think it follows since they talk about Newberry being authorized at the sanction if there's a due process violation or a fundamental miscarriage of justice. Is what I just quoted what you are referring to? They follow by saying that sanction is I'm going to dismiss the case. On the top of page 17 there. And that's the, those two paragraphs are all we get from the trial court. And clearly... So, Neil, this whole thing starts with a claimed discovery violation which the defendant himself says, herself says, was a due process violation. In fact, the due process violation is alleged first. Paragraph 7 of the motion as opposed to paragraph 8. The only reason, yes, the only reason 415 is even mentioned is to try to get this dismissed. Paragraph 7 lays out what they claim to be a due process violation. They then cite in paragraph 8 the basis upon which sanctions may be imposed. Correct? Correct. So when the trial court makes its finding, the trial court finds that under Newbery. And that's the only thing they rely on. But the Newbery case puts this in my discretion and it states that the court may exercise such authority when a failure to do so would affect the deprivation of due process or result in a miscarriage of justice. Now the defendant contends that this relates only to a discovery violation. My question to you is, doesn't that Newbery analysis that they talk about begin with the recognition of the trial court's finding that the state's discretion of evidence constituted a denial of due process in Newbery itself? Yes. So the court's analysis after the referenced language continues with a due process analysis. This is in Newbery. With a due process analysis in determining when dismissal may be appropriate in addition to the various 11 enumerated provisions of 114.1a. Can I also interject? In that section of Newbery, they also distinguish Arizona v. Youngblood and California v. Trombetta. And the key in Newbery, they said, was that the evidence was quote, more than just potentially useful, end quote. It was quote, essential to and determinative of the outcome of the case. Because in Newbery, it's a cocaine case. Exactly. And they destroy the cocaine. Exactly. Okay, so now we've got a real problem. Well, we at least know that the trial court read Newbery. Hopefully. In this case, did anybody care about the 911 call until they found out that it was missing? No. And tellingly, the call of service, which nobody disputes, the prosecutors reflected what the call of service said. There was no inconsistencies or anything. That was provided in discovery to defendant. And when the state argues that the call of service is consistent with what the 911 call was, the defendant doesn't dispute that, do they? And the defendant had that call of service at that time. Presumably, defense counsel would have raised any inconsistencies at this motion hearing. The defendant also doesn't dispute that the police report that references the call of service doesn't dispute the contents of what the 911 call was. Correct. And the cherry on top is the defendant was also provided a video recording from Shannon Foose, the 911 caller, allegedly showing, apparently showing, the defendant committing these offenses. Which was the basis of the call. Correct. So they've got a video of the actual event that precipitated the 911 call. They have the actual caller, who's going to testify, who's already given a written statement, which they have access to. And a report of her. A police report referencing what the contents of the, both the statement and the 911 call was, and a call of duty, or call of service report, which outlines what the 911 call was. The contents of the call. Okay. Now, the defendant received information with regard to the 911 call as early as when? Was it in response, was it the state's initial disclosure back in November 1718, or was it subsequent to that? Nothing in the record shows that the state was ever in possession of the 911 recording itself. The reference to the 911 call. Shannon Foose was on the witness list in the initial discovery, providing. 3-26-21, the state's disclosure included the call of service with the reference to Foose. Right. Then five days before, in February 22, is when this motion to dismiss was. February 17th of 22, the state's disclosure was a written statement of Foose. And I think that's when the state said, this call has been destroyed or we lost it, or something like that. Then the motion to dismiss, based on this, was. The defendant contended that the state's failure to preserve the call, quote, prevented the defendant from offering the call as evidence or using it to impeach the state's witness. Did the defendant reference anything in either the call of service or the police report that gave them cause to believe they had beneficial information or impeaching information? They didn't reference any of that. Defense counsel conceded at this hearing, we don't know what the 911 call says. We don't know if it's consistent or inconsistent with Foose's later statements or what her testimony will be. Mr. McNeil, it sounds like maybe an argument to be made for the trial court abusing its discretion in issuing the sanction that it did, but it doesn't look like that's the argument being made on appeal. I don't see anywhere in the brief that the state is arguing an abuse of discretion. Because I submit it's a de novo standard of review. This is clearly a matter of law. The facts are not in dispute. This court is in just as good a position as the trial court to evaluate the law in this case. This court can read Newberry just like the trial court can. But all of these are factors of what Justice D'Almond just recited in terms of the various things that the trial court had in front of it to consider in fashioning a sanction. I mean, there's no dispute that the 911 recording was destroyed and that technically there was a violation here. So it's simply been a matter of the sanction being imposed here. But there's no claim on appeal that the trial court abused its discretion. Well, because I still submit that it's a de novo standard of review and that Newberry isn't even good law. But, of course, assuming the standard of review is abuse of discretion, this is clearly still an abuse of discretion. But there's no claim being made. How is it that you haven't co-opted that argument here? I argue that the standard of review is de novo because this is a matter of law. I guess I could have attached an assuming arguendo argument. But the point is that if the appellate court wants to go in that direction, I mean, the case law is clear that this is an abuse of discretion. Newberry itself, we don't even have to go further than Newberry. Mr. McNeil, the same factors that you might consider in deciding whether it's an abuse of discretion are also relevant to determining whether there was an actual due process violation or not, aren't they? Yes. Okay, so they serve a dual purpose. Of course. In deciding whether the defendant's being denied due process, which was the basis of the motion, which the defendant began their argument with, It's all in my motion, judge. But, and then begins to argue and just happened to argue only with reference to the discovery violation. Again, I... The state's first response to that was... This isn't material. The defendant was not prejudiced. Yes. Isn't that a direct attack on a due process argument? Yes. And, of course, defendant says, well, they don't talk about bad faith or whatever. When the defendant contends that the state failed to argue due process, they started their argument with a due process denial, saying that there was no prejudice, didn't they, Don? Yes. And, again, I want to point out... And then go through a series of facts. For a couple paragraphs. This was a remarkably brief... It was. And, I mean, of course, I wish that they had... The prosecutor had as much time as I do on appeal to talk about it. I think the trial court had its mind made up here, if I'm being honest. But, still, the fact remains. Newbery distinguishes Youngblood. The trial court read Newbery. Youngblood... They distinguished Youngblood as follows. In Youngblood, the disputed material was not essential for establishing the defendant's guilt or innocence, and its value was speculative. Whereas here, the disputed substance was essential to and determinative of the outcome of the case. I don't know how a trial court, no matter the standard of review, can look at this. This is the definition of speculative. We don't even know if it's beneficial to a defendant at all. Calling it even potentially useful is a stretch, let alone material exculpatory evidence. So we don't even have to go as far as saying Newbery isn't even controlling anymore. Even based on Newbery and the distinctions it makes with Youngblood and Trombetta, the trial court still erred as a matter of law here. Well, tell me again your position as to the last paragraph in Newbery, as to whether or not it operated as a separate basis for its decision that was left untouched by subsequent criticism of Newbery. I would argue that, if anything, it's dicta that Illinois v. Fisher disposes of, as well as this court and Kaiser. This court and Kaiser didn't treat these things as two separate issues. They didn't need to, though. It treated it as a due process violation based on a discovery violation. So with Kaiser, different set of facts, what was involved there in terms of the blood sample that was actually disposed of before a discovery request was even made, right? I think it was left unrefrigerated, if I'm not mistaken. Yes, but of course, it's defendant's burden to establish that there was a specifically asked for, but the defendant never specifically asked for this. They did a blanket 412 disclosure request. The additional authority defendant cites this Booth case. They point out that the defense specifically requested these recordings from the state. Defendant never does here. I mean, I don't even know if they do before their motion to dismiss. Mr. McNeil, before you run out of time here, I want to go back to something that hasn't been asked of you directly, and that is, in terms of the argument that's being made on appeal, defendant is claiming that that argument is forfeited because it wasn't raised in the trial court. That in the trial court, state addressed simply lack of bad faith and no prejudice. How do you respond? Again, a very brief argument that the state had. The threshold for a no bad faith requirement is that the evidence has to be material exculpatory, not just potentially useful. The state's whole argument at the level, again, it was only a couple paragraphs long, but the whole argument was that this is irrelevant. This is not beneficial. Defendant hasn't stated how this is beneficial to her at all, let alone that it's material exculpatory. And I would say that's enough to preserve this argument because that's the threshold requirement for a bad faith being required by the state. And, of course, nobody's disputing that there was bad faith theory. The trial court specifically found there was no bad faith. So I would say it's preserved. Again, I wish it was more fleshed out below, but we deal with the record we have, and I would submit that it was sufficiently preserved for this appeal. And I would urge the court to just follow its logic in Kaiser because that shows that Newberry is no longer controlling. Thank you. Thank you, counsel. Thank you. May it please the court, counsel. I'm Gregory Peterson of the Office of the State Appellate Defender. I'm here on behalf of Victory Fenske. I'd like to start today with what actually happened below. This is a small record. It is true, but there is enough in the record to see what actually happened. Defense counsel made the motion. The motion does reference due process. The motion does reference 415G. When it comes time to reference People v. Newberry, which is a case that had an alternative holding at the end, so the majority of the case dealt with federal due process, and then at the end there was an alternative Illinois law holding, the pin site to People v. Newberry covers that ending piece. There's a citation to Koutsakis saying no showing of bad faith is necessary. This reads to me as a discovery motion and a motion for discovery sanctions. There can be an argument made that it was also a due process motion. There can be no argument made that it wasn't a discovery motion at all. It's a motion to dismiss along either the discovery track or both available tracks, the discovery violation track and the due process track. Then counsel gets up at the hearing and says our motion today, judge, is for relief regarding a discovery violation. Our position is that this is a discovery violation even if that's inadvertent. And by saying even if that's inadvertent, counsel is saying we're not just on federal due process here because federal due process requires bad faith. This is enough for the defendant to obtain relief on a felony charge and we're not required on page 13 of the record, we're not required to show that it was intentional. We're not required to show that it's exculpatory. These are all things that matter for the young blood analysis, but they're things that are irrelevant to the 415 analysis. And you also see that in the remedy that counsel asks for. There's an alternative remedy here. There's a request to dismiss the case or the bar misses and I don't know how she pronounces it, foots or fouts his testimony. That's a 415 argument. That's not a due process argument. And then counsel, oh, I'm sorry, go ahead. I'm just curious. Given what would appear to be a very straightforward availability to 415G sanctions in light of a discovery violation under 412, under what circumstances would a due process claim be brought where showing bad faith would be required? I think the easiest way to imagine this is that the federal constitution sets a floor for the protections and the Illinois Supreme Court rule goes over that. So the same as, for instance, constitutional speedy trial versus statutory speedy trial. I would submit that it's nearly impossible to have a constitutional speedy trial violation without blowing one of the provisions of the Speedy Trial Act in Illinois. So I don't think there needs to be a situation in which federal due process would be violated without implicating the discovery rules because the discovery rules are implemented so that more protections will be availed. Are sanctions under due process violations found in 415G? In other words, if a trial court finds a due process violation, does it need to go to 415G for authority to sanction the offending party? No, Your Honor. I think at that point the ruling of the 11 traditional basis for dismissal are not an exclusive list that would carry. But if there is a due process violation, I think dismissal is the only route. Doesn't the trial court have the inherent power to sanction offending party if a due process violation is found? Yes. But I would also like to turn to the committee comments on 415G because the committee told us what 415 is doing. The language is, through paragraph G, the committee intends to emphasize that these discovery rules must be enforced. That's to head off the situation where there's a right but no remedy, where the discovery rule covers something and there's no enforcement mechanism. But in this case, I believe it was page 4 of the state's reply brief, they're not saying that no discovery violation happened at all, in which case I ask, has the federal Supreme Court in Illinois v. Fisher overruled Illinois Supreme Court Rule 412? That's something that they don't have the power to do. The Illinois Supreme Court has control of its own rules. And 412, as for the question of whether Ms. Fenske ever asked for this call, 412 says the witnesses you intend to call and their written or recorded statements. This statement was recorded, it existed, it is potentially impeaching. And we don't know what was on it. We have no evidence in this record. Did your client even point to anything indicating that it was potentially impeaching other than the speculation? There's no evidence in the record, Your Honor, that my client ever got to hear the call. Okay. She had nothing to point to because the state denied her the chance to review the call. Did she deny that the substance of the phone call was contained in the call of service report? The state said that. Did she then say, no, it's not? She didn't need to, Your Honor. The state's claim fails on its face. The state says the call and the report say the same thing. And then the trial court asks, did you listen to the call? And counsel says, no. So the only thing we have to rely on in terms of So back to my question. She's got the call of duty or the call of service report, right? I believe so. We don't actually know the contents of that call for service report, but we do have the discovery of the response where they turned it over. Back on March 26th of 21. Your Honor, my point was more, she does have it, but we don't know what it says. Well, that's not my question. Okay. She's got the call of service report. She's got the police report, right? Based on discovery, yes. She's got the written statement of fouls. Yes. When the state says these things are consistent, she doesn't pipe up and say, wait a minute, Judge, there's impeaching material here in this call of service report, and I want to refer to this paragraph or this sentence. There is no reference whatsoever by the defendant that there's anything contained in any of the documents that shows that there's some contradiction between her statement, Faus's statement, and the 911 call. That would be a question, Your Honor, if there's impeaching material in the call for service, which was tendered. The state complied with its discovery obligations as a call for service. As to the question of whether there's impeaching material in the call, my client never heard that. The prosecutor that said it didn't matter never heard that. Okay. That raises another point. The 911 call that's so crucial to the defense in this case, did she ever ask to hear it? She asked for it in discovery, Your Honor. Did she ever ask it? Okay. Let me back up a minute. Have you done trial? No, Your Honor. Okay. The state has a tendency to tender a whole bunch of information. Then if you want to see or hear specific items of information, nowadays, of course, it's all digital, so you get your disks and all that. But prior to now, it's not uncommon then that the defense then says, okay, I want to hear specifically, I see here in discovery there's a 911 call. I want to hear that 911 call. Okay. If the state seems to balk, then that's when you go in and say, judge, I want the state to give me access to that 911 call. Sometimes they don't have the ability to necessarily record it or record it in a format that can be copied. So you go in and you say, okay, I want to hear that 911 call. That's never done. Nobody ever asks to hear the 911 call. Now, the court points to the state and says, in the four years, somebody could have come up with that phone call. I guess my question is, well, in that same four years, the defendant could have said, hey, I want to hear that 911 call. Your Honor, there were 34 hearings in this case. Two of them are reported in the record in the appeal. The state office appeal did not complete the record. So there are other times when the defendant requested. I'm saying we don't know, Your Honor, and the state is asking you to find an abuse of discretion in an absence on the record in an appeal that the state brought. Well, to be clear, I'm not sure that there is an abuse of discretion argument being made. So I want it to be clear. Your Honor, that does, to some extent, turn us to this issue of forfeiture. Because what we have here is two-fold forfeiture. We have the state no longer advancing the abuse of discretion arguments it made below, and the state making this new bad faith is the be-all and end-all. The Youngblood standard applies not only to an Illinois court's interpretation of federal due process, but the Youngblood standard overrides Rules 412 and 415. Well, go to the forfeiture, because that's your first argument that you make. Mr. McNeil indicated the argument's not forfeited. The argument being made on appeal is not forfeited, because what was claimed below that there was no prejudice is part and parcel of the argument that's being made on appeal here. You can't separate the two. What do you say? I say that's incorrect, Your Honor. Why? This is a two-step question under the discovery rules. There's 412 under a de novo standard of review. Did a discovery rule get violated? 415 under an abuse of discretion rule. Was the trial court's choice of discretionary sanction appropriate? Was it within its discretion? We see below that the trial court does both halves of this argument. The trial court on page 16 of the report of proceedings says, this is the statement of a material witness. I find the motion for discovery that was filed on October 31st of 18. I find that this falls under the category of the request. That's a finding of a 412 violation, that it was discoverable material that was asked for. Then the court considers the impact that being missing had on the case, says it was four years. You could have stopped this from happening. I'm not saying it's your bad faith. I'm saying it's your negligence, but you could have stopped this. And the court chooses a sanction. The state's arguments below do deal very heavily and even explicitly with the idea that dismissal would be an inappropriate sanction. Counsel, I want to interrupt you and throw out a really strange set of facts, a hypothetical here loosely based on this case. Let's say a defendant was very clear in her motion to dismiss. That's not the case here because the defendant was not very clear in the motion to dismiss because the defendant in the motion to dismiss, as pointed out previously, uses the words violation of defendant's due process rights. Let's say that the defendant in my hypothetical case very clearly said there was a violation of Supreme Court Rule 412. And based on that violation of Rule 412, the defendant is asking for sanctions pursuant to 415G. And then even further goes on to say we are not asserting a due process argument here. And then the trial court, upon consideration of the argument, says I am specifically finding a violation of due process here. And I am, as a sanction, going to dismiss this case. It comes up on appeal. What do we do with that case? You're either going to affirm. The due process-based dismissal is based on the court's inherent authorities. The court made a decision there. Counsel was also asking for 415. And if you were faced, as you would be in that situation, with a two-track request on either, you could affirm on any basis on the record. You could do, frankly, exactly what the Illinois Supreme Court did at the end of Newbery and said we make this due process holding, but this could also be sustained under the rules. And that holding in Newbery is specifically why Newbery, that section thereof, is still good law. Illinois v. Fisher, the Supreme Court drops a footnote immediately to say there was an alternate state law holding in this case, but since we're doing this just on the federal due process conception, we can touch the federal due process argument. But the federal Supreme Court says there's an alternate state law holding. So in that case, you could deal with, from a de novo standard, did this violate due process? Was it bad faith? But you could also do the analysis under 412 and 415, the de novo 412, abuse of discretion 415. And if either of those analyses said that you should affirm, then you should affirm because you affirm on any basis present in the record. And here, while the forfeiture is severe, I do actually, well, the forfeiture concerns are very severe. I do actually also want to say that the trial court got this one right. It was within the trial court's discretion to choose dismissal. But you look at, for instance, Cladis. In Cladis, you have a similar violation. It's a DUI, and they lose the video. And the remedy chosen is to bar the officer who took the video from testifying. Let's say that, in this case, the trial court had chosen Ms. Fenske's proposed alternative sanction. Or let's say that, in this case, your honors find that there was a discovery violation, but remanded for the trial court to choose a new sanction. Barring Ms. Foots's testimony from this case would be practically identical to a dismissal. This is a one-witness case. There was one occurrence witness. If she's not allowed to testify, the state would have somewhere between hearsay and nothing to try to prove the case with. So this is essentially, from a practical perspective, this is the same remedy that was chosen in Cladis. Similarly, in Booth, that was just handed down, admittedly unpublished, but from the second district, there you have a less severe mistake by the state. They lose the call for a long period of time, and then they find it. So you get a less severe sanction. The call is barred, but not other testimony. These are similar cases factually, and the case with the more severe violation, this case, should get the more severe sanction. You're saying a more severe violation. This was an ancillary piece of information that nobody even looked at. In the four years the case was pending, it's asked for as speculatively containing maybe some impeachment, maybe some beneficial information, even though they've got a video, they've got the woman's testimony herself, they've got the police report, they've got the call to service report. So this is an ancillary piece of evidence at best. Do you have any other case where dismissal of the charges has come when the evidence has not been, as in Newberry, quote, essential and determinative to the outcome? The essential and determinative outcome. Answer the question first. Then you can, or do you have any other case where they've dismissed the charges where the evidence was not essential and determinative to the outcome, like Newberry, where it's a cocaine charge, so if you lose the cocaine, it's kind of a big deal. Your Honor, I believe Koutsakis is dismissal, even on an inadvertent violation. Wasn't that after there was a specific request and then the evidence is destroyed? We have a request here, Your Honor. No, a specific request. Not just a general discovery request. That's in every case. Using your logic, every case could be a potential discovery violation if the general request is enough to do it. Koutsakis is not that. That's where there's a specific request for that evidence and that evidence then gets destroyed. Do we have a situation where you have the facts of this case? You just have a general 412 discovery request. There's a piece of evidence which nobody even pays attention to until it's learned to be gone. And then we speculate as to what value it may have and since they can't produce it, we're going to dismiss the charge. No, Your Honor, I don't have a case that says that. The question of no one indicating whether or not this call was important, though, we see that from the motion to dismiss itself. Paragraph 4 of the motion to dismiss says the Ogle County State's Attorney's Office confirmed that this was destroyed for good on February 17, 2022. Well, they talked about it in the final pretrial. They talked about it once it was finally confirmed to be gone. February 17, 2022. The motion to dismiss is filed the same day. That is an indication right there, Your Honor. No, it's not. That's just a timing issue. They're up against trial. When they had their hearing a couple days before, it was obvious that this was an issue that the state and the defense counsel had already been discussing it. I don't recall seeing in the transcript the defense counsel screaming up and down at that point. And by the way, Judge, this is a serious issue and we really need to get to the bottom of this. In fact, it's kind of a side. Oh, and by the way, I told them we need to check on whether we're going to have this 911 call or not. The motion by the defendant, in my opinion, if anything, is an afterthought. Hail Mary, last minute motion. Might as well file it because the state's not able to come up with it. I think, my honest opinion, I think the most surprised people in that courtroom were the defense counsel and the prosecutor to find out that the court was actually going to dismiss the charges on what was essentially a boilerplate discovery violation motion. Because that's about all it is. It's a pretty much boilerplate, bare bones discovery violation motion. You throw in due process, you throw in 415, you make a one paragraph allegation, boom, done. Just trying to protect the record. Nobody expected the outcome that came in this case, in my humble opinion. Understood, Your Honor, and I see my time has expired. I apologize. You ended on a high note there. With this being the last time we'll hear from Attorney Peterson, so is there a distinction, in your view, with regard to whether or not there's a specific or general discovery motion, whether it's specific or general? No, Your Honor. The question is whether it was discoverable material covered by Rule 412, and then the committee comments to 415G say we need these rules to be enforced. So the finding is simply not was this a boilerplate motion, but did this motion, even if it was boilerplate, sweep in this phone call? And the answer to that is unavoidably yes. Thank you, Your Honors. Thank you, Mr. Peterson. Mr. McNeil, we're both. May it please the Court, I tried to find it in my brief really quick, but Illinois v. Fisher talks about the reason for these, for there needs to be material exculpatory evidence so the state doesn't have a ridiculous burden in discovery. I think that's language from Illinois Fisher, which this Court cited in Kaiser. And I just want to reiterate, Kaiser makes no distinction between a 412 argument and a due process argument. I think that's because, like in this case, the sanction was so severe, the sanction was dismissing the entire. Didn't Kaiser resolve the case on due process? Did it discuss the alternative basis? The beginning of Kaiser State's defendant brought a motion based on a Rule 412 violation. That's the beginning of Kaiser. But then the Court doesn't address it. Correct. But it still found that the trial court, I think in that case the trial court denied the motion to dismiss. Found the trial court was right based on Illinois v. Fisher. Yet opposite procedural standpoint. Yes. Okay. Mr. McNeil, I'm going to go back before we lose the point. Were you taking the position that retaining and protecting the contents of a 911 call is somehow putting the state in a ridiculous position? No, I just think that the real world should be accounted for in a 4-year-old's case. What does time matter? I mean, I don't know the policy of Ogle County and I don't know the policy of their 911 dispatch, how long they keep their 911 recordings unless they get a request. I don't know anything about that. But I do know four years is a long time. And I don't know, again, we don't know when or how or why this call, this recording is missing or destroyed or whatever. And dismissing an entire case based on, again, the forfeiture arguments are all the defendant has to cling to here because the case law is clear that the trial court messed up. The forfeiture argument, I don't think it's, I think it's a ridiculous burden for the state to have to take a few paragraphs from defendant in the most bare-bones motion and then the most bare-bones hearing and somehow predict. Going back to the hypothetical that I referred to earlier during defense counsel's, during Mr. Peterson's argument, what would you say in that circumstance? What's the court to do? They also said we may affirm on any basis from the record. We know what the court would do because that's what Kaiser did. That's exactly what happened in Kaiser. There was no specific, we don't find a due process violation, but the argument that the defendant made in Kaiser, I mean it all boils down to a due process violation. On Kaiser's side, you've got what appear to be two separate potential bases for sanctions in a case involving a discovery violation. You've got a violation of Rule 412 and you've got a due process violation, right? Rule 412 was never mentioned ever in this. Okay, yes. You've got those two potential bases. The defendant in my hypothetical in the motion to dismiss squarely frames it as a violation of Rule 412. Trial court goes off the reservation and says this is a due process violation. Defendant clearly asked for sanctions for 415 based on 412 violation. What should the appellate court do when presented with that case? I would say follow the precedent of Kaiser in Illinois versus here. I said Kaiser outside. We're not bound by Kaiser here, right? Correct. I would say that this is met, especially when it's completely speculative like the evidence here. It's a case-by-case basis. This is completely speculative. We don't know if it's beneficial to the defendant at all, let alone material exculpatory, let alone potentially useful. When it's a case-by-case basis like this and the argument is completely speculative, whether you couch it as an abuse of discretion or de novo, I think both were violated here and both would be violated there by the trial court's decision. What I'm not hearing you say is a remand. Well, yeah, a remand for... Remand on the hearing on the motion that was dismissed. His counsel indicated potential avenue in that regard. I would say a remand with instructions that Illinois authority as well as U.S. Supreme Court authority showed that this was not an erroneous discovery violation at all. Not a remand for rehearing, remand to enter an order denying the motion. Correct. Okay. Thank you, counsel. Thank you. We'll take this matter under advisement. The court stands in recess. Time to vote.